final argument set for this morning, which is United States v. Pham, case number 23-1175. May it please the Court, my name is Beau Brindley, and I represent the defendant appellant, Zheung Pham. In Ruan v. United States, the majority found that proving a guilt of a medical practitioner under Section 841 requires proof that the practitioner issued a prescription that he knew to be unauthorized. Mens rea applied to the authorization clause. Dr. Pham at his guilty plea colloquy was not told that he could only be guilty if he knew he lacked authorization. His subjective authorization was not mentioned or discussed at that guilty plea colloquy, and therefore under Ruan, that guilty plea was insufficient. The government responds by citing Ninth Circuit case, your case of Feingold, and saying that all Ruan did was settle a circuit split by siding with the Feingold side, the Ninth Circuit and Seventh Circuit side. But that is simply not correct, and it's not correct for a simple reason. According to Feingold, you're guilty if you know that you're prescribing for no legitimate medical purpose. It takes the language from 1306.04, the regulation, and uses that to define guilt. The problem with that is that a doctor who knows he's prescribing for a medical purpose that the medical community does not deem legitimate, that doctor could also sincerely believe that he has the power and the authority under his DEA registration from the Controlled Substances Act to issue that prescription anyway. And if he sincerely believes it, he is not guilty under Ruan. So in order to believe that, he would have to be mistaken about what the regulation says. Is that right? No. Because the regulation says it has to be in the usual course of practice for a legitimate medical purpose, and he admitted that it wasn't. So that seems tantamount to an admission that it was unauthorized unless he didn't know about the regulation or didn't know what the regulation said or had some theory that the regulation was invalid or something. He could believe that he has the authority as a doctor registered with the DEA to violate the regulation. He could sincerely believe that. So he would have to believe, okay, there's some sort of exception to the regulation or something like that. I mean, I guess where I'm going with this is it seems like given the facts that he admitted in the plea colloquy and given the regulation, the only way that those two things don't add up to an admission of knowledge that this was unauthorized is if he has a mistake of law. Yes, he could have a mistake of law and that was not allowed for here. So normally a mistake of law is not a defense. I mean, there are some, you know, when the statute requires willfulness, maybe it is, but this statute does not require willfulness. So how do you get out of Ruan the idea that a mistake of law can be a defense? I think that's precisely what the reasoning of Ruan was. Justice Breyer in Ruan writing for the majority talks extensively about Rahif. He talks extensively about Liparada. Liparada is a case just like this where the person knew all of the facts that rendered it unauthorized just like Dr. Pham said he knew at his plea colloquy. And in Liparada, the Supreme Court says that is not enough. When authorization is the thing, the legal question of authorization is the thing that separates the innocent from guilty conduct as they says it is here. When that is the issue that decides guilt from innocence, when that is the case, they must know as Liparada said that they were legally unauthorized. And it is because the majority took that position that we get Justice Alito's concurrence saying that they've taken a radical new course. If all the majority was doing was saying that we're going to agree with Feingold and decide the case that way, just the concurrence would make no sense. There would be no radical new course. In fact, the concurrence announced the standard that is almost identical. It's a little bit more lenient than Feingold, but it's similar. But he said we're not doing that because they've taken a radical new course. That course is to say you have to know the legal issue. It's the collateral legal issue that was present in Rahif, present in Liparada, present here. You must know that you're legally unauthorized. Dr. Pham was not told that. He never admitted that. In his affidavit, he said that he would not have pled guilty if he knew that because he thought he had the authority. There is a difference between thinking that you disagree with your peers or disagree with the medical community about whether the legitimacy of your purposes and know you do, know you do, and yet still believe I have the authority as a doctor under the law and under my registration to prescribe. And if you have that belief, Ruan says you're not guilty. Feingold says you are guilty because you're prescribing knowing that there's no legitimate medical purpose. Can I just ask? I appreciate your argument here. What standard of review are you suggesting that we apply to determine whether the guilty plea was involuntary? Well I think what we have here is a change in the law. But are you saying every time there's a change in the law that whereas then he's entitled to change his guilty plea? When the Supreme Court says that there's an omitted element as to mens rea, absolutely. If the defendant has not been advised on the mens rea. Well the Supreme Court said that before he entered his plea. Yes, the Supreme Court said that before he entered his plea. No, the Supreme Court said that after he entered his plea, before he was sentenced, he moved to withdraw the guilty plea to preserve this issue. And so, yes, the... Right, and the district court rejected that and said no, the guilty plea was knowing involuntary. So my question is, are you suggesting we're doing a de novo standard of review as to whether it was knowing involuntary or do we have to give some deference to the district court's determination that this was not knowing, or that the original guilty plea was knowing involuntary? In this instance, Judge, I don't think that any deference is due because this is purely a mistake of law. A mistake of law is automatically an abuse of discretion even if that's the standard. The district court abused its law, but if the district court misapplied the law, you're right, but this seems to be different. I mean, the district court made a factual determination that this was, well, at least a mixed factual determination that this was not, that his original plea was still knowing involuntary. The district court made that decision by issuing a legal opinion and talking about the state of the law and saying Feingold's wasn't changed by Ruan. That's false. That's a mistake of law. That's an abuse of discretion no matter what. Can you address the, I guess it's the anti-penultimate paragraph in Ruan that, I think it's cited in the briefs, that the government can prove a knowledge of lack of authorization through circumstantial evidence, and then the next sentence says, talks about how the regulation defines that. So that, one way to read that, I think the government's reading of that is that that says that, you know, if those objective criteria in the regulation are present and the defendant knows about them, then that establishes knowledge of lack of authorization. Why is that reading wrong? There's multiple reasons why it's wrong. The primary reason why it's wrong is it's inconsistent and ignores all of the citation of ref heaf and liperata and all of that. None of those things would matter if that reading is correct. The Supreme Court, if they wanted to say, we're attaching knowledge to the regulation, they would have attached knowledge to the regulation. Instead, what they did was heavily criticize that regulation and call it vague and criticize it as being, leading to a difficulty in determining guilt from innocence. An oral argument, Justice Kavanaugh observed, legitimate medical purpose is a vague consideration and people can disagree. And then after that, they make this decision that authorization is what matters. And if the question is, did he know that he was legally authorized like liperata, then Dr. Pham wasn't properly advised and he didn't plead guilty to this offense. And that's the situation that we're in. Feingold does not survive Ruan. And if it does, because Feingold is defining this thing, it's defining whether or not he's guilty by reference to the regulation only. So what that really is doing is it's saying he's aware of the facts that make this unauthorized, the regulation violation. And since he's aware of that, that's sufficient. But in liperata, which Ruan follows from expressly, in liperata they said that that's not true. Knowledge of the facts that make it unauthorized is insufficient. He must know he was legally unauthorized. And we believe that's a standard here. Okay. Well, you're out of time. We'll give you a minute for rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Brett Sagal on behalf of the United States. I'm going to start with simple responses. Judge Schroeder, you actually were correct. This was incorrect. Ruan came out in June of 2022. The defendant pled guilty in October of 2022. He pled guilty months after the Ruan decision. That was incorrect. Ruan did not in the least do a willfulness, knowledge of the law standard. Not in the least. Its specific language said, in citing the three cases, liperata, Rahif, and Cheek that I mentioned, it was only using those by analogies to determine whether the knowledge, the mens rea element, went to both halves of the statute. The part that went before the knowingly and intentionally, which is the accept as authorized. And the second clause, which was the distribution of the drugs. And it looked to those cases only to decide that there was precedent to using it before and after the clauses. It did not in the least choose a willfulness standard of knowledge of the law or anything that those cases cited. It was cited only by analogy and the words of the decision itself says that's what it's doing. The decision itself defined what authorization was. Outside the course of professional practice, without a legitimate medical purpose, turning to the regulation, specifically in the first paragraph of the Supreme Court decision, citing that regulation as the basis for accept as authorized. And doing so and coming back to that multiple times and saying, we're doing it because that's what every case has been doing it. That's what the parties have been defining it. And at no point has the defendant even here defined it any other way, even in his reply brief when he cites to the Tenth Circuit case and then the remand to the district court case, his jury instructions there define authorization or, more importantly, unauthorized by those same two clauses of the regulation. And the Tenth Circuit case and Kahn, the remand case which I believe they think is their best support of their argument here, even tethered the elements to that regulation. The same as every other case. The same as Feingold. And there is nothing in Ruan that is incompatible with Feingold. And I would ask your honors to look at, if you haven't already, my colleagues' brief to the Tenth Circuit and for certioraria because what they have is asking the Supreme Court to adopt the Feingold standard. That wasn't the standard in the Tenth Circuit. The Tenth Circuit had an objective standard, not a subjective standard. In the Tenth Circuit, the reason why the Supreme Court sent back to make findings at that trial was because whether or not there were sufficient facts and whether the jury instructions were sufficient. Since it did use an objective standard for the regulation clause, the accept as authorized clause, it didn't create this bright line rule of what would need to be done. There were no magic words that were needed. It specifically said mens rea applies to two clauses of the statute. It's not more complicated than that. And my colleague here knows that because he's handled many of these cases, including two of the cases we cited to in our 28J letter. Multiple circuits, the Third, the Fifth, the Eleventh, the Eleventh, the Tenth, every one of them in a two-year period that has handled these very cases. Has any circuit come out the other way? None. There's no circuit split. Not only not a circuit split, every one of them has consistently held. And again, the Tenth Circuit, which he cites through the con remand, isn't defining it any differently. It's just now using subjective intent rather than the objective intent that it used to. There is nowhere that's reading the regulation out. There's definitively nothing saying that there is a full, as just described, if a defendant puts on any evidence that he didn't think he was violating the regulation, it's a full defense. Ruan did not provide a full defense. It even discussed what would be evidence that would be put on if a defendant says, I didn't think I was acting outside of the regular course of medical practice and legitimate medical purpose, and so forth. It's circumstantial evidence that can be put on to rebut that. There is no full defense here, and nowhere else has done it. And each one of the circuits cited to in our brief and so forth have defined the elements essentially as this court in Feingold had nearly 20 years ago, in 2006. And the first superseding indictment, which was the operative charging language, which the district court judge went over with the defendant, as well as the elements that he was advised of, which I would also point out it was 846, not 841, as well as the facts that supported it, he admitted multiple times in his factual basis alone of his knowledge and his intent to act outside the course of professional practice and without a medical purpose. This isn't a case, again, looking at the posture we're in. This was a plea agreement, a plea agreement where he admitted all these facts. There was no contrary facts outside of his knowledge and intent. You address the, you've made an argument based on the appellate waiver in the plea agreement. The argument that he is presenting here is that, as I understand it, is that because he didn't understand that there was this broader knowledge element in the statute, that the plea was effectively not voluntary. Why doesn't that fall within the exception in the appellate waiver? I think the most direct answer, and hopefully all my answers are the most direct answer, the most direct answer is because he was advised of the proper elements and he... Okay, but that's a reason it fails on the merits and the waiver has an exception for an appeal based on a claim that the defendant's guilty plea was involuntary. That's the claim. It may be a bad claim, but it's the claim, isn't it? I would agree with both parts. It's a bad one. I would also say that this court has repeatedly said that an attempt to appeal a denial of a motion to withdraw falls within your waiver of your right to appeal the conviction. And that's exactly what happened here. There was no intervening law. There was no basis for him to withdraw from his plea and he waived that right in his appeal, in the contract. But if you, I mean, just to be clear, if he were right, I mean, if we agreed with him on what Ruan means and that there really was this element, then it wouldn't be barred by the waiver in your view? I think that's correct. Look, if he was misadvised of the elements, yes, he hasn't waived it, but... So what, I mean, is there any... I mean, because in your brief you said, like, enforce the waiver and dismiss the appeal. Is there... But if in order to figure out whether we should do that, it sounds like you agree, we have to assess the merits of the argument he's making. So what is the point of... You're not going to push the jurisdictional argument. Correct. I mean, I guess I would say, as you see in our brief, there's two paths to the same answer, whether the judge abuses discretion in not doing it or whether it was a voluntary plea because he was advised of it. And so both take you to the same place. But we don't... So you don't think we have to address waiver? I mean, we could ignore the waiver argument and get to the merits and say that the district court did not abuse its discretion looking at the totality of the record, first advising improperly of the elements, him admitting to the facts. And again, the fact... Can I ask you, if we... I take it you also agree that this is an abuse of discretion review. I guess it then just depends on whether this is a legal issue or a factual issue. I mean, are we ultimately reviewing this for a de novo legal error or are we... I mean, it has this flavor of a mixed... I mean, there's sort of a factual element to this. Correct. And I think it's, again, using my terminology, depending on which path you go, if you are looking purely at the appellate waiver, I think it is slightly more of a legal question and not slightly more, probably almost entirely a legal question when you're talking de novo. If you're looking at the totality of the record, I think the factual basis and the factual determinations by the court, including, again, not just him admitting to the elements, he admitted to prescribing hundreds of thousands or over 100,000 opioids to known addicts, prescribing them to a non-patient, sending his patients to his co-conspirator knowing that other pharmacies would not fill his prescription. These are all facts that show that the district court, along with the totality of the record and the very thorough Rule 11 plea, could look at and say, and your honors can say, looking at the totality of the record, that it was not an abuse of discretion, looking at the factual findings in addition to the legal determinations, that Ruan does not say even what Moliwo said. Ruan came out before the plea agreement. Everything was done appropriately, both legally and factually, and whichever path you take, you get to the same answer. Okay. Thank you, counsel. Like I said, we'll give you one minute for rebuttal. Inaccuracy of the government's position is made most apparent when he said the following, that Ruan applied mens rea to two clauses in the statute. No, it didn't. Those two clauses he's talking about are a regulation from the Attorney General. Ruan applied the mens rea to one clause, the preparatory clause, about authorization. That's the element. There is not a circuit split. The Fifth Circuit case of Lamartin-Year, that they cited, acknowledged a circuit split with the Tenth Circuit in Cannes. It's in Lamartin-Year's opinion. Cannes too explicitly says that violation of the two prongs of the regulation is not sufficient to establish guilt. It provides objective evidence that illuminates the question of whether he knew he was not legally authorized. And the district court in Cannes, when we took this back, agreed with us completely, took out the legitimate and took out usual from the instruction. There's no usual course of practice instruction in Cannes, nor legitimate medical purpose. Thank you, counsel. We've got your argument. The case is now submitted. The court is in recess until this afternoon.
judges: SCHROEDER, NELSON, MILLER